**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Senior Airman STEFIN T. REED**
**United States Air Force**

**ACM 38428**

**11 September 2014**

Sentence adjudged 7 June 2013 by GCM convened at Shaw Air Force Base, South Carolina.  Military Judge:  Michael J. Coco.

Approved Sentence:  Dishonorable discharge, confinement for 10 years, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant:  Captain Jeffrey A. Davis.

Appellate Counsel for the United States:  Major Jason M. Kellhofer and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

ALLRED, Chief Judge:

A general court-martial composed of officer and enlisted members convicted the appellant, contrary to his pleas, of two specifications of attempted rape, two specifications of rape, and one specification of assault consummated by a battery, in violation of Articles 80, 120, and 128, UCMJ, 10 U.S.C. §§ 880, 920, 928.

The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for 10 years, forfeiture of all pay and allowances, and reduction to E-1.  Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the appellant

challenges the appropriateness of his sentence. Finding no error materially prejudicial to the substantial rights of the appellant, we affirm.

*Background*

The appellant and the victim, Staff Sergeant (SSgt) BL, first met when they were returning to the United States from deployments to the Middle East in December 2012. Due to an aircraft breakdown, they were required to remain overnight in Germany. After spending most of the day in the terminal, the passengers were bused to an off-base hotel. The appellant and SSgt BL rode the bus together and engaged in some flirtatious behavior. When they got to the hotel, the appellant secured two hotel room keys—one for himself and one for SSgt BL. They occupied a suite with separate bedrooms connected by a shared bathroom. After leaving their bags in the appellant's room, the two walked to the bar area of the hotel and spent the evening drinking together with other patrons. At one point in the evening, the appellant kissed SSgt BL. She testified, however, that she never gave the appellant any indication that she desired a sexual relationship with him.

By late evening, the appellant was heavily intoxicated and was causing a disturbance in the bar area of their hotel. SSgt BL and another military member escorted the appellant to his room and put him to bed. Before going to bed herself, SSgt BL entered the appellant's room to check on him. While she was doing so, the appellant awoke, and they began kissing. When SSgt BL resisted further sexual advances by the appellant, he violently assaulted and raped her.

*Sentence Appropriateness*

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (citations omitted). We consider whether the appellant's sentence was appropriate "judged by 'individualized consideration' of [the appellant] 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180–81 (C.M.A. 1959)).

The appellant argues that his sentence to 10 years of confinement is too severe. He asks us to compare the sentence of two cases having similar facts, yet resulting in only 8 years of confinement. We do not find this to be a rare instance that would require

us to engage in sentence comparison in accordance with *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001), and we disagree with the contention that the sentence is too severe.

Considering the nature and seriousness of the brutal sexual assault upon SSgt BL, we find the appellant's punishment not overly severe. After he forced his penis into her vagina against her will, SSgt BL attempted to escape. She banged on the cement walls of the hotel room and screamed for help. In response, the appellant grabbed her by the hair and threw her to the floor. As she begged him to stop, he beat her face and body with his fists and threatened to kill her. She clenched her legs and fought to resist him, while he forced his penis against her in an attempt at anal intercourse. Amid the violence and pleading, SSgt BL managed to crawl for the door; the appellant again grabbed her by her hair and threw her down. He repeatedly demanded that she perform fellatio upon him and threatened to kill her if she did not remain quiet. He told her, "[S]top trying to yell and scream and be loud because I don't want to kill you, but I will if I have to." SSgt BL then began to comply with the appellant's demands but continued to cry as loud as she could, hoping others might hear her. Eventually, she seized an opening and fled the room. Her underwear torn from her body by the appellant, SSgt BL ran naked down the hotel hallway, pounding on doors until a stranger let her into his room, covered her with a towel, and helped notify the authorities.

SSgt BL was taken to the hospital. She had a black eye, as well as cuts, swelling, and bruising over much of her head and body. As a result of the appellant's crimes, SSgt BL was, at the time of trial six months later, continuing to suffer pain and emotional trauma disrupting almost every aspect of her life.

The maximum punishment for the appellant's offenses included confinement for life without eligibility for parole and a dishonorable discharge. Having given individualized consideration to this particular appellant, the nature of the offenses, the appellant's record of service, and all other matters in the record of trial, we hold that the approved sentence is not inappropriately severe.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court